**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                   :
ROBERT LEE NEWBURY,                :
                                   :   Civil Action No.
            Plaintiff,             :   08-462 (FSH)
                                   :
      v.                           :   **O P I N I O N**
                                   :
ALBERT L. FOSTER,                  :
                                   :
            Defendant.             :
_____:


**APPEARANCES:**

   ROBERT LEE NEWBURY, #26386050
   Plaintiff pro se
   Metropolitan Detention Center
   Brooklyn, New York 11232

**Faith S. Hochberg, United States District Judge**

   Plaintiff ROBERT LEE NEWBURY (hereinafter "Plaintiff") currently confined at Metropolitan Detention Center, Brooklyn, New York, submitted for filing his complaint (hereinafter "Complaint") seeking to bring this action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and to prosecute the same in forma pauperis without prepayment of fees, pursuant to 28 U.S.C. § 1915.[1]

---

[1] Bivens actions are the federal counterpart to § 1983 claims brought against state officials. See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004) (citing Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001)). "[C]ourts have generally relief

Plaintiff's Complaint names Albert L. Foster as Defendant. The Complaint clarifies that Mr. Foster was Plaintiff's counsel when Plaintiff was pursuing appeal of his criminal conviction. See Compl. ¶¶ 4(b); 6.

Plaintiff's Complaint is silent as to whether Foster was a privately retained counsel or a public defender assigned to represented Plaintiff on appeal, see generally Compl., but the Complaint makes it abundantly clear that Plaintiff's claims are based solely on Foster's failure to attend certain appellate hearings and to prepare and submit certain motions, as well as on Foster's actions other which Plaintiff interprets as undue procrastination in preparation of Plaintiff's appeal. See id. ¶ 6.

## STANDARD OF REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PARA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was

---

upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a Bivens claim against federal officials." Schrob v. Catterson, 948 F.2d 1402, 1409 (3d Cir. 1991). Here, it is unclear whether Plaintiff is a federal or a state prisoner. However, for the purposes of this Court's analysis, the distinction is that of form rather than substance. The Court, therefore, will examine Plaintiff's Complaint with presumption that Plaintiff intended to bring a § 1983 action.

"primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Under this standard, Plaintiff's

3

Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## **DISCUSSION**

Plaintiff's claims against his counsel cannot be brought pursuant to § 1983 (or on the basis of the Supreme Court's holding in <u>Bivens</u>). To recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under "color of [state] law" to deprive him of a right secured by the federal Constitution or laws. <u>See</u> <u>Groman v. Twp. of Manalapan</u>, 47 F.3d 628, 633 (3d Cir. 1995). Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights. <u>See</u> <u>Kneipp v. Tedder</u>, 95 F.3d 1199, 1204 (3d Cir. 1996); <u>Groman</u>, 47 F.3d at 633. "The color of state law . . . is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." <u>Id.</u> at 638. The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." <u>Lugar v. Edmonson Oil Co.</u>, 457 U.S. 922, 937 (1982). For the conduct to be "fairly attributable" to the State, (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State or (b) by a rule of conduct imposed by it or by a person for whom the State is

4

responsible, and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State. See id. at 936-39.

It is well-settled that neither a privately retained counsel nor a court-appointed public defender who performs a lawyer's traditional function as counsel to a defendant in a criminal proceeding could be deemed as acting under color of law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Whether court-appointed or privately retained, a defense attorney represents only her client and not the state.[2] See Johnson v. Kafrissen, 1995 U.S. Dist. LEXIS 8072, at *2 (E.D. Pa. June 5, 1995). Therefore, Plaintiff's claims against Defendant Foster,

---

[2] The only exception lies if a defense counsel conspires with the prosecution. However, for a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983, and (2) actions taken in concert by defendants with the specific intent to violate that right. See Williams v. Fedor, 69 F. Supp.2d 649, 665-66 (M.D.Pa.), aff'd, 211 F.3d 1263 (3d Cir. 2000) (citing Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999)); see also Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law); Kelley v. Myler, 149 F.3d 641, 648-49 (7th Cir. 1998) (an agreement or an understanding to deprive the plaintiff of constitutional rights must exist). Plaintiff, however, does not assert that his counsel conspired with the prosecutors. Rather, Plaintiff's Complaint asserts that counsel's performance was "unprofessional." See Compl. § 6.

Plaintiff's counsel, has no merit because of Plaintiff's failure to satisfy the color of law requirement.[3]

## CONCLUSION

The Court will grant Plaintiff's application to file the Complaint in forma pauperis and dismiss the Complaint for failure to state a claim upon which relief may be granted.

An appropriate order accompanies this Opinion.


                                            /s/ Faith S. Hochberg
                                            **United States District Judge**

Dated:  February 27, 2008

---

[3] The Court, however, expressly notes that the Court's finding does not express the Court's opinion as to whether Plaintiff has a valid state-law based tort action against his counsel, same as it has no bearing on the validity or invalidity of Plaintiff's application for state collateral review or for a federal writ of habeas corpus.